▪ JAMES B. DAVEY, Respondent, v. D & Z FOODS, INC., et al., Appellants.— Judgment entered on November 15, 1963 in favor of the plaintiff after a jury trial in the sum of $1,557, unanimously reversed, on the law and on the facts and a new trial granted, without costs, unless the plaintiff consents to accept as damages from the defendant, D & Z Foods, Inc., the sum of $250 and from the defendant, Albert Blume, the sum of $1,000 inclusive of the sum of $250 allowed as damages against the corporation in which event the judgment is modified to that extent and as so modified is otherwise affirmed, without costs. After having a few drinks at a bar the plaintiff entered defendant corporation's restaurant and was waited upon by the defendant Blume who was a counterman in the restaurant. The plaintiff requested some sugar for his coffee and he and the defendant Blume became involved in a dispute. Plaintiff arose from his seat at the counter and apparently was going to leave the restaurant without paying his check. The plaintiff claims that, at that point, the defendant Blume reached across the counter and hit him on the side of his head knocking him to the floor. Defendant Blume claims that the plaintiff slipped and fell and struck his head during the fall. Although there is support for the jury's finding that the defendant corporation is responsible for its employee's acts and thus liable for compensatory damages, it has not itself acted willfully or maliciously or in any other manner as would justify holding it liable for punitive damages. In view of the slight injury sustained by the plaintiff the verdicts of the jury are excessive and a new trial should be held unless the plaintiff consents to a reduction of the verdicts as hereinabove provided. Settle order on notice. Concur — Breitel, J. P., Valente, Stevens, Steuer and Staley, JJ.

▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLARENCE MOORE, Appellant.— Order, entered on March 11, 1963, denying without a hearing defendant's motion in the nature of an application for a writ of error *coram nobis,* unanimously reversed on the law, the facts and in the exercise of discretion, and remanded to the trial court for a hearing on the application. On December 31, 1958, defendant was indicted for robbery first degree, grand larceny first degree and assault second degree. On January 6, 1959, defendant was arraigned and pleaded not guilty. On March 16, 1959 before trial, he withdrew his plea of not guilty and pleaded guilty to attempted robbery third degree to cover the entire indictment. Subsequently, defendant on April 9, 1959 was committed to the Psychopathic Ward of Bellevue Hospital in order that he might be examined and a report filed as to his mental condition. A psychiatric report dated May 8, 1959, was submitted to the court which indicated that defendant was malingering and further was capable of standing trial. On May 14, 1959, defendant moved to withdraw his plea of guilty and demanded a trial. The defendant's motion was denied and he was sentenced to State prison to a term of not less than two and one-half years to five years. One month after sentencing, he was committed to Dannemora State Hospital as a mental patient and remained there for three and one-half years. Defendant contends on this application that there is sufficient evidence to establish that at the time of his being sentenced he was legally insane. In view of the short period of time between defendant's sentence and the commitment to Dannemora State Hospital as a mental patient, defendant is at least entitled to a hearing on his application to present whatever evidence might be available in support of his contention that he was legally insane at the time he was sentenced to prison. Concur — Botein, P. J., Breitel, Rabin, Steuer and Staley, JJ.